J-A02035-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MASSAI SHAWN DICKEY, | |
| Appellant | No. 678 WDA 2017 |

Appeal from the Judgment of Sentence entered February 21, 2017,
in the Court of Common Pleas of Cambria County,
Criminal Division, at No(s): CP-11-CR-0001385-2015.

BEFORE:    BOWES, J., OLSON, J., and KUNSELMAN, J.

MEMORANDUM BY KUNSELMAN, J.:                    **FILED FEBRUARY 28, 2018**

Appellant, Massai Shawn Dickey, appeals from the judgment of sentence imposed after a jury convicted him of one count of persons not to possess a firearm.[1]  We affirm.

The trial court ably summarized the pertinent facts and procedural history as follows:

> On April 30, 2015, a search warrant was executed by the Safe Street Task Force[, a joint federal, state and local effort,] at 1127 Riffith Street in Stonycreek Township, Pennsylvania.  As a group of eight to ten officers arrived at the residence to execute the warrant, a sizeable group of people were encountered exiting through the front door.  [Appellant] was one of [the] people [the officers] encountered at this time.  In one of the upstairs bedrooms of the residence, a Wilson's brown leather jacket was found

---

[1] 18 Pa.C.S.A. § 6105(a)(1).

by Special Agent (Ret.) Arnold Bernard of the Federal Bureau of Investigation. Inside the pocket of the jacket was a Taurus .38 caliber firearm. Inside a safe located in a closet of the same room, officers recovered an Erma .22 caliber firearm. A bedroom dresser in the same room contained photographs depicting [Appellant], a hotel receipt with [Appellant's] name on it and two traffic citations issued to [Appellant]. [Appellant] was arrested and charged with, *inter alia*, two counts of Persons Not to Possess a Firearm[.] After a two day jury trial on January 25-26, 2017, [Appellant] was found guilty of one count (the jury convicted him of possessing the Taurus firearm and acquitted him of the Erma firearm). On February 21, 2017, the Court sentenced [Appellant] to a period of five (5) to ten (10) years in a State Correctional Institution.

Trial Court Opinion, 4/21/17, at 1-2 (citations and footnotes omitted).

Appellant filed this appeal after the denial of his timely post-sentence motion.

Appellant raises the following issues on appeal:

1. The Trial Court erred by not sentencing [Appellant] in the mitigated range.

2. The evidence presented by the Commonwealth was insufficient to sustain a conviction [for Persons not to Possess a Firearm].

Appellant's Brief at 5. Because, if meritorious, Appellant's sufficiency challenge would result in discharge, we consider it first. ***Commonwealth v. Toritto***, 67 A.3d 29, 33 (Pa. Super. 2013) (*en banc)*.

Initially, we set forth our standard of review:

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition,

we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [trier] of fact while passing upon the credibility of the witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

***Commonwealth v. Hansley***, 24 A.3d 410, 416 (Pa. Super. 2011) (citation omitted).

The relevant portion of the Pennsylvania Crimes Code is as follows:

**§ 6105. Persons not to possess, use, manufacture, control, sell or transfer firearms**

**(a) Offense defined.—**

(1) A person who has been convicted of an offense enumerated in subsection (b), within or without this Commonwealth, regardless of the length of sentence or whose conduct meets the criteria in subsection (c) shall not possess . . . a firearm in this Commonwealth.

18 Pa.C.S.A. § 6105(a)(1). Appellant does not challenge the Commonwealth's proof that he was convicted of an offense that prohibited him from possessing a firearm. However, because the firearm was not found on Appellant's person, Appellant argues that the Commonwealth failed to prove that he constructively possessed it. The applicable principles have been summarized as follows:

- 3 -

> In order to prove that a defendant had constructive possession of a prohibited item, the Commonwealth must establish that the defendant had both the ability to consciously exercise control over it as well as the intent to exercise such control. An intent to maintain a conscious dominion may be inferred from the totality of the circumstances, and circumstantial evidence may be used to establish a defendant's possession[.]

***Commonwealth v. Harvard***, 64 A.3d 690, 699 (Pa. Super. 2013) (citations omitted).

Here, the trial court concluded the Commonwealth established that Appellant had constructive possession of the Taurus revolver. The court explained:

> [T]he Commonwealth offered testimony that firearms were located within a bedroom that contained items directly linked to [Appellant] including items that had his name on them and photographs of [him]. This indicia of occupancy is precisely the kind of circumstantial evidence that the jury could have used to link [Appellant] to the firearms and find that he constructively possessed them. Moreover, the fact that the jury acquitted as to one of the firearms and convicted as to the other is a strong indication that during their deliberations the jury considered factors that weighed in favor of finding constructive possession as to the .38 caliber Taurus and against as to the .22 caliber Erma. For these reasons, we find that there was sufficient evidence presented to find that [Appellant] had constructive possession of the .38 caliber Taurus and decline to afford [him] any relief on this issue.

Trial Court Opinion, 4/21/17, at 5. Our review of the record supports the trial court's conclusion.

Appellant argues that his conviction was "based on *innuendo*, but not solid facts to show that he had constructive possession of one of the firearms."

- 4 -

Appellant's Brief at 8. According to Appellant, even the scientific DNA presented by the Commonwealth as to this gun was inconclusive, and that there was no direct evidence establishing that the bedroom in which the gun was found belonged to him or that the house searched was even his residence. Even if these latter facts were established, Appellant still contends that the Commonwealth "failed to present any evidence as to how [he] exerted dominion and control of a firearm in a room [where he] was not even found, and in fact, he was vacating the residence at the time of his arrest." Appellant's Brief at 8. Finally, Appellant reminds this Court that he was acquitted of the other firearm found in the bedroom.

Appellant's claims are without merit. In **Commonwealth v. Coleman**, 130 A.3d 38 (Pa. Super. 2015), this Court affirmed the trial court's finding that the evidence presented by the Commonwealth was sufficient to support the defendant's drug convictions based on constructive possession. We reasoned:

> Here, [Coleman] informed his parole agent that he lived at the address. Further, a bill addressed to him at the apartment from two weeks earlier was inside. [Coleman's] grandmother's name was on the lease, but there was no indication that she lived there. Men's clothing was located inside the apartment. The circumstantial evidence was more than sufficient to establish [Coleman] used or lived inside the apartment and therefore constructively possessed the drugs and the scale.

**Coleman**, 130 A.3d at 41-42. In the instant case, when asked his address at police headquarters, Appellant gave the address for the residence that was

searched. *See* N.T., 1/26/17, at 7. Although Appellant testified that he never lived at the address, that he wore a smaller size jacket, and explained why the photographs, traffic citations, and the hotel receipt were found in the bedroom, the credibility assigned this testimony was for the jury as fact-finder. *Hansley*, *supra*. Additionally, Appellant's DNA was found on the Taurus revolver. Although Appellant argued alternative theories to explain the presence of this evidence, once again the jury was free to accept or reject the claim.

The cases cited by Appellant to support his arguments are inapposite because they involve different facts and do not include DNA evidence found on the contraband in question. These cases involve situations where the defendant was merely present in a house when a search warrant was executed or involved contraband found in an area where other occupants had equal access. *See*, *e.g.*, *Commonwealth v. Fortune*, 318 A.2d 327 (Pa. 1974); *Commonwealth v. Valette*, 613 A.2d 548 (Pa. 1992). In other cases cited by Appellant, there was either no indicia that the defendant had dominion and control over the specific area where the contraband was found, or the indicia found identified a different individual. *See*, *e.g.*, *Commonwealth v. Mercado*, 617 A.2d 342 (Pa. Super. 1992); *Commonwealth v. Rodriguez*, 618 A.2d 1007 (Pa. Super. 1991).

Finally, the fact that Appellant was acquitted of possessing the Erma handgun found in the hidden, locked safe within the same bedroom is of no significance. Although the trial court found these contrary verdicts

demonstrate that the jury consistently applied the factors proving constructive possession, *see supra*, even if the verdicts were inconsistent, Appellant would not be entitled to relief. *See Commonwealth v. Moore*, 103 A.3d 1240, 1246 (Pa. 2014) (citations omitted) (reiterating the well settled rule that a jury's acquittal "may not be interpreted as specific factual findings with regard to the evidence, as an acquittal does not definitively establish that the jury was not convinced of a defendant's guilt. Rather, . . . an acquittal may merely show lenity on the jury's behalf, or that the verdict may have been the result of compromise, or of a mistake on the part of the jury.")

In summary, for all of the above reasons, Appellant's challenge to the sufficiency of the evidence supporting his conviction is without merit.

In his remaining claim, Appellant challenges the discretionary aspects of his sentence. As this Court has summarized:

> Challenges to the discretionary aspects of sentence do not entitle an appellant to review as of right. An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fact defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Griffin*, 65 A.3d 932, 935-36 (Pa. Super. 2013) (citations omitted).

Appellant has filed a timely appeal, properly preserved his sentencing issue, and provided the requisite Rule 2119(f) statement. Thus, we must determine whether he has raised a substantial question.

The presence of a substantial question is determined on a case-by-case basis and only exists when the appellant advances a colorful argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process. *Commonwealth v. Diehl*, 140 A.3d 34, 44-45 (Pa. Super. 2016) (citations omitted). "[W]e cannot look beyond the statement of questions presented and the prefatory [Rule] 2119(f) statement to determine whether a substantial question exists." *Commonwealth v. Christine*, 78 A.3d 1, 10 (Pa. Super. 2013), *affirmed*, 125 A.3d 394 (Pa. 2015).

Moreover, this Court does not accept bald assertions of sentencing errors. *Commonwealth v. Malovich*, 903 A.2d 1247, 1252 (Pa. Super. 2006). When we examine an appellant's Rule 2119(f) statement to determine whether a substantial question exists, "[o]ur inquiry must focus on the *reasons* for which the appeal is sought, in contrast to the *facts* underlying the appeal, which are necessary only to decide the appeal on the merits." *Commonwealth v. Ahmad*, 961 A.2d 884, 886-87 (Pa. Super. 2008) (citing *Commonwealth v. Tirado*, 870 A.2d 362, 365 (Pa. Super. 2005)).

Appellant's Rule 2119(f) statement reads, in pertinent part, as follows:

[Appellant] respectfully submits that the Court abused its discretion by not sentencing him in the mitigated range. [Appellant] would ask that [Superior] Court modify the [trial] court's sentence, and note that his prior offenses occurred several years prior. More importantly, [Appellant] would ask [Superior] Court to consider the fact that there is no victim in this case; in other words, this was a victimless crime, and as such [the] sentence is extremely harsh.

Appellant's Brief at 11.

Even if we were to conclude that Appellant has raised a substantial question that permits us to consider the merits of his sentencing claim, we find the claim waived as undeveloped because Appellant has failed to provide any supporting argument. *See*, *e.g.*, *Commonwealth v. Wilson*, 147 A.3d 7, 14 (Pa. Super. 2016)(explaining that when an appellant offers no citation to pertinent case law or other authority in support of an argument, the claim is waived); *see also* Pa.R.A.P. 2119 (providing that the argument in an appellant's brief "shall be divided into as many parts as there are questions to be argued," include citations to the record, and references to the record).

Absent waiver, we would nevertheless find no merit to Appellant's sentencing claim. Sentencing is a matter vested in the sound discretion of the sentencing court, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion, which in this context, is not shown merely to be an error in judgment; rather the appellant must establish by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a

manifestly unreasonable decision. ***Commonwealth v. Shull***, 148 A.3d 820, 831 (Pa. Super. 2016).

When the trial court has the benefit of a presentence report "it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." ***See Commonwealth v. Ventura***, 975 A.2d 1128, 1135 (Pa. Super. 2009) (discussing ***Commonwealth v. Devers***, 546 A.2d 12, 18-19 (Pa. 1988)).

Here, the trial court had the benefit of the presentence report and explained why the sentence it imposed was justified:

> The Court's sentence was a standard range sentence and was imposed with the benefit of a pre-sentence report; therefore it is appropriate under the Sentencing Code. More specifically, [Appellant] has a prior record score of five (5) and the jury found him guilty of an offense with an offense gravity score of nine (9). This gave the Court a standard range of forty-eight (48) to sixty (60) months. [Appellant] is not in any way disputing that his sentencing guideline was calculated incorrectly or that his prior record score [was] incorrect, rather, only that he should a received a sentence in the mitigated range. The Court sentenced [him] at the top of the standard range.
>
> We decline [Appellant's] request to reconsider his sentence and do not believe it represents an abuse of the Court's discretion. Moreover, the Court disagrees with [Appellant's] assertion that this crime is "victimless." The proliferation of firearms on the streets or our communities is a direct outgrowth of the offense for which [he] has been found guilty. When those whom the law deems to be prohibited from possessing firearms do in fact possess them, the risk of violence is heightened in our neighborhoods.

- 10 -

Trial Court Opinion, 4/21/17, at 3-4.

Our review of the record supports the trial court's conclusions. Essentially, Appellant is asking this Court to substitute its judgment for that of the trial court in fashioning his sentence. **See generally**, **Commonwealth v. Williams**, 562 A.2d 1385 (Pa. Super. 1989) (*en banc*). This we cannot do.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/28/2018